## KINGSBURY DONNELL *vs.* INHABITANTS OF WEBSTER.

*Tax.*

Prior to the enactment of Public Laws of 1874, c. 178, hay was not exempt from taxation.

"Eighteen tons of hay, $540" is a sufficiently definite description of the property in the inventory to support the assessment of a tax thereon.

It is immaterial whether or not the other items of property, real and personal, for which the plaintiff was taxed were sufficiently described in the inventory, since he voluntarily paid the tax upon them.

ON EXCEPTIONS.

ASSUMPSIT to recover under a count for money had and received, ten dollars and eighty-five cents, declared in the plaintiff's specification of claim to be made up of $8.64 illegally assessed as a tax against him, and two dollars and twenty-one cents as the costs and charges of the officer collecting the tax, which was enforced by a seizure of personal property, and paid by Mr. Donnell under written protest. Before this suit was brought the collector had paid the $8.64 into the town treasury. The whole tax assessed against Mr. Donnell in that town was $63.77, upon this valuation; "one poll; 116 acres of land, $3000; one horse, $85; 2 cows, $70; one two year old, $25; 4 swine, $26; 7 sheep, $42; 18 tons of hay, $540." There was no further description of the property assessed. Mr. Donnell had voluntarily paid, prior to the seizure of his property, all the tax except this item of $8.64, which, it was admitted, was assessed upon the hay, which was pressed and stored in bundles upon the plaintiff's farm.

The case was submitted to the presiding justice with right to except. Judgment was ordered for the defendants, and the plaintiff excepted.

*Frye, Cotton & White,* for the plaintiff, contended that the tax was void on account of the uncertainty of the description of the

property assessed, and because the hay was exempt from taxation. When a man's farm is assessed, it is valued according to its producing powers; i. e., its capacity to produce hay and other such crops. For all taxable purposes, the harvests the land will yield are considered when the latter is listed, and to put a tax upon them again after they are gathered, is in effect, double taxation. The law of this year, Public Laws of 1874, c. 178, is simply declaratory, affirming what the law already was.

*Morrill & Wing*, for the defendants.

The plaintiff was a citizen of, and legally taxable in Webster, and if assessed there for more estate than was properly to be taxed to him in that town, his remedy was by appeal to the county commissioners. *Holton* v. *Bangor*, 23 Maine, 264; *Stickney* v. *Bangor*, 30 Maine, 404; *Gilpatrick* v. *Saco*, 57 Maine, 277; *Rogers* v. *Greenbush*, 58 Maine, 390. But the hay had become personal property before April 1, 1872, and was legally taxable that year. The costs ($2.21) never came to the hands of the town, so the defendants are not liable for that in any event. *Briggs* v. *Lewiston* 29 Maine, 472.

Walton, J. The plaintiff was rightfully taxed for the eighteen tons of pressed hay of which he was the owner on the first day of April, 1872. "Hay, grain and potatoes, orchard products and wool, owned by, and in possession of the producer," are now exempt from taxation. Act of 1874, c. 178. But hay was not exempt in 1872.

It is also objected that the assessment is void for uncertainty. We think the objection cannot be sustained. The amount and value of the hay are distinctly stated. We think that is enough. The balance of the tax having been paid without objection, and no claim being made in the writ to recover it back, it is unnecessary to inquire whether the description of the articles taxed is sufficient or not.                    *Exceptions overruled.*

Appleton, C. J., Dickerson, Barrows, Virgin and Peters, JJ., concurred.